UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-53-HRW

DEBORIA A HIGNITE, PLAINTIFF,

v.  MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits and to seek a remand for the consideration of additional medical evidence.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed and that there is no just cause for remand.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a disability insurance benefits on January 31, 2003, alleging disability beginning on January 24, 2003, due to

<p />

hearing loss bilaterally, depression, anxiety, obstructive sleep apnea, inability to communicate in person and over the telephone and chronic sinus infections (Tr. 16). This application was denied initially and on reconsideration.

On April 27, 2004, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 283-299). At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 299-304).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

2

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 28, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-24). Plaintiff was 49 years old at the time of the hearing decision (Tr. 16). She has a GED and 9 college hours (Tr. 16). Her past relevant work experience consists of work as a legal secretary (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.21). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disease of the ankles, loss of hearing, depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 21). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 22) but determined that she has the following residual functional capacity ("RFC"):

>She cannot work in excessive noise. She cannot perform jobs that require good communication skills. She cannot perform work around dangerous machinery. She is limited to more simple routine work in object focused settings. She has poor ability (defined as seriously limited but not precluded) to understand, remember and

3

>carry out complex job instructions; behave in an emotionally stable manner and related predictably in social situations.

(Tr. 22).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of medium work, such as bench worker, laundry worker and assembler (Tr. 21). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 1, 2005 (Tr. 5-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1)the ALJ allegedly misinterpreted the report of Lynn Lewis and (2) the ALF allegedly failed to consider the treatment notes of Dr. Patricia Lapkin. Plaintff also seek a remand for the consideration of additional medical evidence.

5

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ allegedly misinterpreted the report of Lynn Lewis, a licensed clinical psychologist who evaluated Plaintiff on March 20, 2003. Specifically, Plaintiff refers to the portion of the ALJ's decision which reads: "consistent with Mr. Lewis' opinion, the claimant did not have appropriate treatment and she did not seek counseling until May 15, 2003" (Tr. 19). Whereas, as the record shows and the remainder of the opinion reiterates, Plaintiff was in counseling before that date. In his decision, the ALJ explicitly refers to Plaintiff's mental health treatment prior to May 15, 2003 (Tr. 16 and 20). Plaintiff makes much of the misstatement but fails to suggest how it supposedly affected the integrity of the ALJ's decision. The very letter of the same proves that this was, at most, harmless error.

Plaintiff's second claim of error is that ALF allegedly failed to consider the treatment notes of Dr. Patricia Lapkin, a psychiatrist. Plaintiff states that his decision, the ALJ does not cite to Exhibit 5F, the treatment notes of Dr. Patricia Lapkin, thereby implying that the ALJ did not review Dr. Lapkin's records. However, it is clear from the opinion that the ALJ did indeed review and consider Dr. Lapin's record as he referred to them no fewer than three times in his decision (Tr. 16, 19 and 20). However, the ALJ mistakenly identified her records as

6

Exhibit 4F, which are, in fact, the records of Dr. Thomas Jung, an otolaryngology. The Court finds this inadvertent mistake to be harmless error which did not impact the substance of the ALJ's decision.

Finally, Plaintiff seeks a remand in order to submit a Mental Residual Functional Capacity Assessment completed by Dr. Sipple, a treating psychiatrist (Tr. 276-278).

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to

demonstrate that the new evidence is material.

In the instant case, there appears to be no dispute that the evidence is "new" in that it was not in existence at the time of the hearing. However, Plaintiff has failed to demonstrate the probative value and materiality of Dr. Sipple's report. First, the questionnaire is unaccompanied by supporting treatment notes and devoid of references to diagnostic or other clinical studies. As such, it would have been given little weight by the ALJ. It is well settled that in order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Here, there is no data. Only conclusory remarks. Such is not enough to warrant a remand under Sentence Six.

Further, Dr. Sipple's statement, "[b]ecause of patient's complex medical and psychiatric limitations, she cannot hold down gainful employment at this time" (Tr. 278) would have been properly disregarded by the ALJ. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating sources's conclusory statement. *See King v. Heckler*, 742

F.2d 968, 973 (6th Cir. 1984). As such, Plaintiff has not shown that its inclusion in the record would have a reasonable possibility of changing the administrative result.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record and there is no cause for remand. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith

This __17__ day of April, 2006.

Henry R. Wilhoit, Jr., Senior Judge